UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:09CR-20-H

COMMONWEALTH OF KENTUCKY                                    RESPONDENT/PLAINTIFF

v.

TYRUS L. HARVEY                                             PETITIONER/DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Tyrus L. Harvey's petition to remove his criminal proceeding pursuant to 28 U.S.C. § 1443.  For the reasons set forth below, the Court will dismiss the petition and remand the action to state court.

### I.

This petition for removal arises out of a criminal prosecution in the Jefferson Circuit Court, *Commonwealth of Kentucky v. Tyrus L. Harvey*, Indictment No. 05-CR-3358.  Harvey reports that he was arrested on November 2, 2005 for alleged robbery and has been at Kentucky Correctional Psychiatric Center ("K.C.P.C.") four times and declared incompetent.  He contends:

> [If] he was decleared incompetent the first time he was sent to K.C.P.C. . . . Then
> He was incompetent at the time of (1) questioning by LMPD; (2) any thing stated
> can't be used against him; (3) he was in the U.S. Military from 1988 to 1992; (4)
> he was declared mentally ill in 1991 by the military; (5) his arrest and detention is
> unlawful and unconstitutional; (6) there is no evidence against him; (7) his bail is
> excessive and he is treated with cruel and unusual punishment inflected; (8) he
> has a liberty interest involved; (9) he is a victim of involuntary servitude.

Harvey additionally contends that "He can't get the trial court at state level to secure his equal rights" and that he is being denied equal, civil, and human rights "because of subsection (1) and because he is a Black African American and the trial counsel; prosecutor and Judge and police detectives are all White American."  Harvey maintains that not only did a witness fail to identify him but also that the witness specifically advised that Harvey was not the alleged

wrongdoer.  Nevertheless, Harvey advises that he was arrested and that "the officers (all White Americans) said [Harvey] made a statement that he committed the crime(s)" even though "They can't produce any (1) video or (2) hand written, or (3) signature [] evidence."

Harvey further alleges a conflict of interest because Irv Maze, who used to be a prosecutor, is now a judge, and Harvey contends that Maze "will not go against his indictment and prosecution recommendation."

Finally, he contends that "a fair trial will be humanly impossible" because "State of Kentucky has misappropriated funds in fiscal years 2006 to 2009 . . . in which the public defenders office in Louisville has been cut from 150 P.D. Assistants down to 50" and that, for this reason, he will not receive effective assistance of counsel as "[t]here is no way he can receive any reasonable decisions and investigations."

## II.

Harvey asserts that his action is removable pursuant to 28 U.S.C. § 1443.  This section permits removal of a criminal action by a defendant:

> (1)  Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States . . .;
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test.  *See Johnson v. Mississippi*, 421 U.S. 213 (1975).  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated

in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384

U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or
> statutory provisions of general applicability or under statutes not protecting against
> racial discrimination, will not suffice.  That a removal petitioner will be denied due
> process of law because the criminal law under which he is being prosecuted is
> allegedly vague or that the prosecution is assertedly a sham, corrupt, or without
> evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)).  Second, a petitioner must

show that he cannot enforce the specified federal right in state court.  *Johnson*, 421 U.S. at 219.

"This provision normally requires that the 'denial be manifest in a formal expression of state

law,' such as a state legislative or constitutional provision, 'rather than a denial first made

manifest in the trial of the case.'"  *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation

marks omitted).

Even if Harvey could satisfy the first prong, *Rachel*, 384 U.S. at 804 (holding that

allegations of a denial of rights under the Civil Rights Act of 1964 satisfied the first prong), his

petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of

state law," § 1443(1), that prohibits his enforcing his federal rights in state court.  Rather, it

appears from Harvey's petition that he believes the state court officials have acted improperly in

his case alone and that he will not be able to get a fair trial in state court.  This is insufficient to

justify removal.  As the United States Supreme Court has eloquently and forcefully explained:

> It is not enough to support removal under § 1443 (1) to allege or show that the
> defendant's federal equal civil rights have been illegally and corruptly denied by
> state administrative officials in advance of trial, that the charges against the
> defendant are false, ***or that the defendant is unable to obtain a fair trial in a
> particular state court.  The motives of the officers bringing the charges may be
> corrupt, but that does not show that the state trial court will find the defendant
> guilty if he is innocent, or that in any other manner the defendant will be "denied***

> ***or cannot enforce in the courts" of the State any right under a federal law***
> ***providing for equal civil rights.*** The civil rights removal statute does not require and
> does not permit the judges of the federal courts to put their brethren of the state
> judiciary on trial. Under § 1443 (1), the vindication of the defendant's federal rights
> is left to the state courts except in the rare situations where it can be clearly predicted
> by reason of the operation of a pervasive and explicit state or federal law that those
> rights will inevitably be denied by the very act of bringing the defendant to trial in
> the state court.

*Peacock*, 384 U.S. at 827. Harvey cannot show that the state trial and appellate courts will not

be able to vindicate his rights. For these reasons, removal is not proper under § 1443(1).

Nor does Harvey's criminal action satisfy the alternative bases for removal under

§ 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived

from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and

held available only to federal officers and to persons assisting such officers in the performance

of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597

F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of §

1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"),

the Supreme Court has noted that "[i]t is clear that removal under that language is available only

to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants*

*Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect

state officers from being penalized for failing to enforce discriminatory state laws or policies by

providing a federal forum in which to litigate these issues."). As Harvey is not a federal officer

or a person assisting a federal officer in the performance of his duties or a state officer, neither

clause of § 1443(2) applies.

Harvey's petition makes only unsupported conclusory statements of racial inequality.

Furthermore, Harvey has not asserted that there is a formal expression of state law preventing

4

him from enforcing his rights in state court.  Rather, it appears that Harvey believes he has been the victim of targeted, individualized discrimination.  Thus, removal is not proper under § 1443. As procedural guidance, however, the Court advises that should Harvey believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as an RCr 11.42, for instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

## III.

Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Harvey's criminal action at this time.  The Court will dismiss Harvey's petition and summarily remand the action pursuant to 28 U.S.C. § 1446(c)(4).[1]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner/Defendant
        Clerk, Jefferson Circuit Court
        Jefferson County Attorney
4412.005

---

[1]Pursuant to § 1446(c)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

5